UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In Re:

                                                                                                   CASE NO.: 11-36861(cgm)

Joseph T. Bambi and Deirdre E. Bambi,            CHAPTER 7

                                    Debtor(s)
-----------------------------------------------------------------X

## ORDER TO SHOW CAUSE

On July 12, 2011, the debtor(s), Joseph T. Bambi and Deirdre E. Bambi, moved this Court for an Order directing Wells Fargo Bank, NA, as servicer to a note and mortgage held by Hudson City Savings ("Secured Creditor") to participate in good faith with the debtors in the Court's Loss Mitigation program pursuant General Order M362, said Order being entered by this Court on August 3, 2011.

On July 27, 2011, Secured Creditor filed with this Court its Loss Mitigation Affidavit requesting the debtors provide certain documents in furtherance of loss mitigation consideration, including but not limited to a signed copy of the debtors' most recent federal income tax returns, recent wage statements, completed Mortgagee's financial worksheet, recent 60 days bank statements, IRS form 4506T, completed Request for Modification Agreement and Affidavit (RMA), Dodd-Frank certification, hardship letter, and utility bill, said documents being provided by the debtors via upload to the DMM Portal and submitted to counsel for Secured Creditor on August 11, 2011.

Between August 24, 2011 and April 13, 2012, Secured Creditor, through its representative counsel, filed 6 status reports with this Court advising the Court of the ongoing negotiations between the debtors and Secured Creditor.

On March 19, 2012, debtors' counsel, a representative from Secured Creditor, and Secured Creditor's representative counsel participated in a telephone conference at which time Secured Creditor advised debtor's counsel that "this investor does not allow the following in regard to loan modification: HAMP or other governmental programs; reductions in principal balance (principal forgiveness); capitalization of arrears; modification of interest rate; and extension of maturity date", at which time debtor's counsel requested Secured Creditor produce a copy of said investor guidelines. See status letter filed with this Court on April 13, 2012.

At the status conference held before this Court on April 18, 2012, the Court requested debtor's counsel submit an Order directing Secured Creditor to produce a copy of the investor guidelines set forth above, said Order being entered on April 25, 2012. On May 9, 2012, Secured Creditor complied with this Order by filing a copy of said investor guidelines with this Court.

At the status conference held before this Court on June 5, 2012, a representative from Hudson City Savings Bank appeared and informed this Court that it had implemented a new mortgage loan modification program, one of the requirements for eligibility being that a borrower must have at least 95% loan to value. In reliance thereof, and on the request of Secured Creditor's counsel, the debtors paid for and obtained an appraisal from a New York State Certified Appraiser indicating the value of their residence to be $620,000.00, sufficient enough to qualify under Secured Creditor's new modification guidelines, said appraisal being forwarded to Secured Creditor's counsel for consideration.

At the status conference held before this Court on September 19, 2012, counsel for Secured Creditor informed this Court that Secured Creditor would need to obtain its own independent appraisal in order to further consider a loan modification and requested the status

conference be adjourned to allow therefore. In consideration of Secured Creditor's request, this Court adjourned the status conference to November 28, 2012, subsequently adjourning it December 19, 2012.

At the status conference held before this Court on December 19, 2012, counsel for Secured Creditor informed this Court that Secured Creditor had not provided counsel with an independent appraisal and, more disturbing to this Court, that Secured Creditor was not responding to its counsel as is necessary in furtherance of good faith participation with regard to the debtors' loan modification proceeding before this Court, as is required under the Court's Loss Mitigation program pursuant to General Order M362.

NOW THEREFORE, it is hereby

**ORDERED** that Hudson City Savings Bank be required to show cause, at a hearing to be held before the Hon. Cecelia G. Morris, Chief United States Bankruptcy Judge, U.S. Bankruptcy Court, 355 Main Street, Poughkeepsie, New York, on the 27th day of February 2013 at 12:00 noon, why an order sanctioning Hudson City Savings Bank for its failure to participate in good faith in the Loss Mitigation Procedures, pursuant to Fed. R. Bank. P 9011; 28 U.S.C. 1927; 11 U.S.C. § 105(a); and the inherent powers of this Court; should not be entered forthwith.

**Dated: December 27, 2012**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Chief U.S. Bankruptcy Judge**