Law Office of Mathew P Wattoff
Attorney for the Debtor(s)
14 Main Street
Hyde Park NY  12538
(845) 337-7770

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In Re:

                                                                    CASE NO.: 11-36861(cgm)

Joseph T. Bambi and Deirdre E. Bambi,           CHAPTER 7

                                              Debtor(s)
------------------------------------------------------------------X

## DEBTORS STATUS REPORT and REQUEST FOR SANCTIONS AGAINST SECURED CREDITOR FOR FAILING TO ACT IN GOOD FAITH

On July 12, 2011, the debtor(s), Joseph T. Bambi and Deirdre E. Bambi, moved this Court for an Order directing Wells Fargo Bank, NA, as servicer to a note and mortgage held by Hudson City Savings ("Secured Creditor") to participate in good faith with the debtors in the Court's Loss Mitigation program pursuant to General Order M362, said Order being entered by this Court on August 3, 2011.

On July 27, 2011, Secured Creditor filed with this Court its Loss Mitigation Affidavit requesting the debtors provide certain documents in furtherance of loss mitigation consideration, said documents being provided by the debtors via upload to the DMM Portal and submitted to counsel for Secured Creditor by email, both submissions being made on August 11, 2011.

Between August 24, 2011 and April 13, 2012, Secured Creditor, through its representative counsel, filed 6 status reports with this Court advising the Court of the ongoing negotiations between the debtors and Secured Creditor.

1

During a telephonic conference, eight months after loss mitigation had commenced, Secured Creditor disclosed that the investor holding debtor's mortgage loan did not offer loan modification alternatives. On March 19, 2012, debtors' counsel, a representative from Secured Creditor, and Secured Creditor's representative counsel participated in a telephone conference at which time Secured Creditor advised debtor's counsel that "this investor does not allow the following in regard to loan modification: HAMP or other governmental programs; reductions in principal balance (principal forgiveness); capitalization of arrears; modification of interest rate; and extension of maturity date". In response, Debtor's counsel requested a copy of said Secured Creditor's investor guidelines which Secured Creditor refused to provide.

On April 25, 2012, this Court entered an Order directing Secured Creditor to provide debtor's counsel with a full and complete copy of the investor guidelines relevant to the debtors' mortgage and note. In compliance thereof, Secured Creditor produced a copy of its investor guidelines dated February 17, 2010, providing same to debtor's counsel on May 1, 2012 and filing a copy with this Court on May 9, 2012. Said investor guidelines set forth Secured Creditor's policy (on February 17, 2010) with regard to aiding mortgagors who are suffering distress with such options limited to: (1) payment plans, (2) deferral of the principal portion of the monthly mortgage payment, (3) short sale, and (4) deed in lieu of foreclosure. The investor guidelines that were produced make it clear that (on February 17, 2010) Secured Creditor was not participating in HAMP and was not affiliated with any other government sponsored relief programs, and made no reference to any other in-house modification program offered. (*See docket entry #33 filed with the Court on May 9, 2012*).

Debtor alleges, however, that Secured Creditor failed to adequately comply with this Court's Order to produce documents in that Secured Creditor produced an outdated and irrelevant policy and in so doing mislead the debtor and this Court and has acted in bad faith. Secured Creditor's FORM 10-Q as filed with the UNITED STATES SECURITIES AND EXCHANGE COMMISSION, dated June 30, 2012, states in relevant part:

> "During 2011, we adopted a Loan Modification Policy that, among other things, expands the modified loan programs currently offered by the Bank. We began to modify loans pursuant to this policy during the first quarter of 2012, resulting in an increase in the amount of loans classified as troubled debt restructurings at June 30, 2012. We anticipate that as we continue to modify loans in the future, the amount of loans classified as troubled debt restructurings will increase". –

*See pages 58 and 59 of Quarterly Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934, June 30, 2012, attached hereto as "Exhibit A".*

At the status conference held before the Court on June 5, 2012, a representative from Hudson City Savings Bank appeared and informed this Court that it had implemented a "new" mortgage loan modification program, one of the requirements for eligibility being that a borrower must have at least 95% loan to value. Said representative made no attempt to correct the misleading and outdated Secured Creditor policy of February 17, 2010 that was provided to debtor's counsel and filed with this Court. Rather, Secured Creditor requested the debtors provide an appraisal if they wished to further pursue a loan modification. In reliance thereof, and on the request of Secured Creditor's counsel, the debtors paid $300.00 for an appraisal from a New York State Certified Appraiser indicating the value of their residence to be $620,000.00, sufficient enough to qualify under Secured Creditor's new modification guidelines, said appraisal being forwarded to Secured Creditor's counsel for consideration.

At the status conference held before the Court on September 19, 2012, counsel for Secured Creditor informed the Court that Secured Creditor would need to obtain its own independent appraisal in order to further consider a loan modification and requested the status conference be adjourned to allow therefore.  In consideration of Secured Creditor's request, the Court adjourned the status conference to November 28, 2012, subsequently adjourning it December 19, 2012.

At a status conference held before the Court on December 19, 2012, counsel for Secured Creditor informed the Court that Secured Creditor had not provided counsel with an independent appraisal and, in fact, that Secured Creditor was not responding to its counsel as is necessary in furtherance of good faith participation with regard to the debtors' loan modification proceeding before this Court, as is required under the Court's Loss Mitigation program pursuant to General Order M362.

On December 27, 2012, an Order to Show Cause was entered requiring that Hudson City Savings Bank appear on February 27, 2013 and be required to show cause why an order should not be entered forthwith sanctioning Hudson City Savings Bank for its failure to participate in good faith in the Loss Mitigation Procedures, pursuant to Fed. R. Bank. P 9011; 28 U.S.C. 1927; 11 U.S.C. § 105(a).

On February 27, 2013, a representative from Hudson City Savings Bank, a representative from its servicer Wells Fargo Bank, creditor's counsel, and debtor's counsel appeared before the Court on the Order to Show Cause at which time no evidence was given as to why the Court should not issue sanctions for failing to participate in good faith.  Secured Creditor did, however, inform the Court that the debtors were being offered a loan modification whereby the debtors are

4

to make three trial payments of $3,594.17, the first payment being due on April 1, 2013, and upon making the final trial payment, debtors would receive a permanent loan modification, the terms thereof being: (1) all outstanding arrearage would be capitalized bringing the loan current; (2) interest would accrue at 4.375% per annum, (interest only for 49 months) with a ITI (interest, tax and insurance) payment of approximately $3,594.17; (3) after 49 months the payment would increase to include principal, amortized over the term of existing loan.  The OSC hearing was adjourned to March 20, 2013 to allow creditor time to provide debtors with a written modification proposal as set forth above.  On March 20, 2013, due to a medical emergency of creditor's counsel, the hearing was further adjourned to April 2, 2013.

On March 20, 2013 (the same date set for the adjourned OSC hearing), counsel for Secured Creditor forwarded to debtor's counsel by email a document entitled "TEMPORARY FORBEARANCE AGREEMENT".  The forbearance agreement, however, does not indicate whatsoever the intent of Secured Creditor to offer the debtors a modification agreement, in fact, the term "modification" is nowhere stated on the forbearance agreement.  The forbearance agreement appears to be just that, an agreement to forebear further collection as long as the debtors make a payment of $3,594.17 on April, 1, 2013, May 1, 2013, and June 1, 2013.  There is no indication as to what the status of the loan will be after the June 1, 2013 payment has been made. *A copy of the forbearance agreement is attached hereto as "Exhibit B".*

The debtors desire to accept the terms of the proposed modification agreement as set forth at the court hearing on February 27, 2013.  Debtor's counsel has requested that Secured Creditor provide a proposed modification agreement on such terms for the debtor's execution and final approval by the Court, or at the very least, written assurance that upon the debtors

5

successfully making the three required trial payments, that a permanent modification agreement will be forthcoming and the terms thereof. Secured Creditor's response was that it could not draft permanent modification documents until the debtors have made all three trial payments, acknowledging that the forbearance agreement does not offer any "guarantees". *See email communications attached hereto as "Exhibit C".*

As a show of good faith and in order to exhibit a desire to be ready, willing and able to accept the terms of the modification agreement as proposed by Secured Creditor on February 27, 2013, debtors have tendered their counsel a check in the amount of $3,594.17 representing the April 1, 2013 payment to Secured Creditor, which said counsel has deposited and is holding in escrow. *A copy of said check is attached hereto as "Exhibit D".*

Debtors allege that Secured Creditor has acted and continues to act in bad faith resulting in delay and prejudice to the debtors in that interest continues to accrue on the outstanding loan balance. Twenty months have elapsed since the Court entered its loss mitigation order, resulting in additional interest to the debtors of approximately $30,639.20[1], plus fees incurred by debtor's counsel in further representation before this Court.

---

[1] Monthly mortgage payment on existing loan consists of interest only (no principal), plus escrow for tax and insurance. The required scheduled payment is $2,282.93 per month, consisting of interest of $1,531.96, plus tax and insurance of $750.97 per month.

6

WHEREFORE, it is respectfully requested that this Court:

(1) Order an award of sanctions against Secured Creditor for its continuing bad faith in this loss mitigation proceeding, in an amount this Court considers just and proper;

(2) Order that Secured Creditor show cause why it should not be sanctioned for filing an outdated and misleading document with this Court, i.e., docket entry #33 filed with the Court on May 9, 2012;

(3) Order that Secured Creditor show cause why it should not be sanctioned for failing to comply with a Court Order to produce documents, i.e., docket entry #32;

(4) Order that Secured Creditor immediately produce a copy of its current loan modification policy and guidelines;

(5) Order that Secured Creditor provide debtor with a written modification agreement proposal, on terms substantially similar to those set forth in the February 27, 2013 hearing, but not less favorable than would result in applying its current modification guidelines; and

(6) that the debtors be granted such other and further relief as the Court may seem just and proper.

Dated:    Hyde Park, New York
          March 28, 2013                          Law Office of Mathew P Wattoff

                                                  /s/ Mathew P Wattoff
                                                  _____
                                                  Mathew P Wattoff, Esq.
                                                  14 Main Street
                                                  Hyde Park, NY  12538
                                                  (845)337-7770